UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MINDY VICTORIANA                                              CIVIL ACTION

VERSUS                                                        NO: 15-2915

INTERNAL MEDICINE CLINIC OF TANGIPAHOA                        SECTION: "A" (5)

### ORDER AND REASONS

Before the Court is a Motion for Summary Judgment (Rec. Doc. 19) filed by Defendant Internal Medicine Clinic of Tangipahoa, LLC ("IMC").[1] Plaintiff Mindy Victoriana opposes the motion (Rec. Doc. 22).[2] The motion, set for submission on September 7, 2016, is before the Court on the briefs without oral argument.[3] A jury trial is set to begin in this matter on November 7, 2016.

I.   **Background**

Victoriana began working for IMC as a receptionist/clerk on March 28, 2011. In May of 2014, Victoriana informed IMC's office manager, Michelle Scott that Victoriana would like to take time off from work in June or July of 2014 in order to undergo in vitro fertilization. Scott informed Victoriana that she could not take off in June because other employees had already taken off work and the office would be understaffed, but that she could possibly take off work in July, contingent on the return of another employee.

Scott and another IMC representative, Andrea Brunet, "stated on more than one occasion that they could not approve" Victoriana's request and that it would have to be decided by the

---

[1] In its Motion for Summary Judgment, IMC did not address Plaintiff's Louisiana Employment Discrimination Law claim. The Court restricts its analysis to Plaintiff's FMLA claim.
[2] Victoriana's Opposition to IMC's Motion for Summary Judgment is labeled "Plaintiff's Opposition to Defendant's Motion for Partial Summary Judgment and Cross Motion for Partial Summary Judgment." This is not the appropriate mechanism for Plaintiff to move for summary judgment under the local rules for the United States District Court for the Eastern District of Louisiana.
[3] Defendant IMC has requested oral argument.

1

partner doctors. (Rec. Doc. 1; ¶12). However, on June 27, 2014, Victoriana began the pre-operative steps for in vitro fertilization. This included scheduling the in vitro procedure to take place in Syracuse, New York. During the month of July, IMC allowed Victoriana to leave work for blood tests and ultrasounds.

Victoriana informed Brunet during the week of July 14, 2014 that the following week, she would be going to New York for her in vitro procedure. On July 17th, 2014, the partner doctors conducted a meeting, during which Scott presented Victoriana's request for time off work. On July 18th, 2014, IMC notified Victoriana that her request was denied. On July 19, 2014, Victoriana traveled to Syracuse, New York to undergo in vitro fertilization.

It appears that Victoriana visited her in vitro fertilization doctor three times over the week of July 21, 2014: first, she met with Dr. Kiltz at the CNY Fertility Clinic on Monday July 21, 2014 for three to four hours for an egg retrieval; second, she returned to Dr. Kiltz at CNY on Thursday July, 24, 2014 for about an hour for an ultrasound and fluid drainage; finally, Victoriana returned to the CNY on Friday 25, 2014 for about two hours for the egg transfer, which was canceled.[4]

When Victoriana returned to work on July 28, 2014, she was notified that her employment was terminated. She filed the instant action on July 24, 2015 against IMC seeking injunctive relief, or, in the alternative, damages for IMC's alleged violation of the Family Medical Leave Act ("FMLA") and Louisiana Employment Discrimination Law.

II. **Analysis**

IMC moves for summary judgment arguing that Victoriana cannot prove an element of her FMLA claim because her procedure, according to IMC, does not qualify as a serious health

---

[4] These facts are undisputed and derive from Victoriana's deposition (Rec. Doc. 19-1).

condition. Victoriana opposes IMC arguing that Victoriana's infertility does qualify as a serious health condition.

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact." *TIG Ins. Co. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir. 2002) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986)). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* (citing *Anderson*, 477 U.S. at 248). The court must draw all justifiable inferences in favor of the non-moving party. *Id.* (citing *Anderson*, 477 U.S. at 255).

Once the moving party has initially shown "that there is an absence of evidence to support the non-moving party's cause," *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986), the non-movant must come forward with "specific facts" showing a genuine factual issue for trial. *Id.* (citing Fed.R.Civ.P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986)). Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial. *Id.* (citing *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir.1993)). Additionally, if the nonmoving party would bear the burden of proof of the dispositive issue at trial, then the moving party can satisfy its burden by proving that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

The FMLA prohibits employers "from interfering with, restraining, or denying the exercise" of their employees' right to take FMLA leave, which consists of up to twelve weeks of

medical leave for the employee's serious medical condition or care of a family member with a serious medical condition. *Lanier v. University of Texas Southwestern Medical Center*, 527 Fed. Appx. 312, 316 (5th Cir. 2013). In order to prove a prima facie FMLA **interference** claim, a plaintiff must show that 1) he was an eligible employee, 2) the defendant was an employer subject to FMLA's requirements, 3) plaintiff was entitled to leave, 4) plaintiff gave proper notice of his intention to take FMLA leave, and 5) defendant denied the plaintiff his FMLA benefits. *Id.*

The FMLA also prohibits employers from retaliating against or discharging their employees for exercising their lawful rights under the FMLA. *Lanier v. University of Texas Southwestern Medical Center*, 527 Fed. Appx. 312, 316 (5th Cir. 2013). In order to prove a prima facie FMLA **retaliation** claim, a plaintiff must prove that 1) he was protected under the FMLA, 2) he suffered an adverse employment action, and 3) either he was treated less favorably than a similarly situated employee who had not requested leave, or the adverse employment decision was made because the plaintiff took FMLA leave. *Id.* at 317. The first prong of an FMLA retaliation claim, that the employee was protected under FMLA, requires that plaintiff "show that he was entitled to FMLA leave throughout the period in question." *Baham v. McLance Foodservice, Inc.*, 431 Fed.Appx. 345, 347 (5th Cir. 2011). If a plaintiff cannot prove that she was eligible for FMLA leave, "she cannot sustain her claim." *Ford-Evans v. United Space Alliance*, LLC, 329 Fed. Appx. 519, 527 (5th Cir. 2009).[5]

IMC's argument rests on the contention that Victoriana's leave did not qualify as FMLA leave, and therefore she never had a right to leave under the FMLA, because hers was not a serious health condition under the statute. As IMC points out, the FMLA defines serious health conditions

---

[5] Concerning issues for which Victoriana has the burden of proof at trial, IMC can meet its motion for summary judgment burden by proving 'that there is an absence of evidence to support" Victoriana's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

in the statute "entitling an employee to FMLA leave means an illness, injury, impairment, or mental condition that involves inpatient care as defined in § 825.114, or continuing treatment by a health care provider as defined in § 825.115." 29 C.F.R. § 825.113(a) (2013). The FMLA defines *inpatient care* as an overnight stay in a medical care facility, including any period of incapacity, or any subsequent treatment in connection with such inpatient care. 29 C.F.R. § 825.114 (2013). The FMLA defines *continuing treatment* as incapacity for more than three consecutive, full calendar days and subsequent treatment. 29 C.F.R. § 825.115 (2013). Lastly, the FMLA defines incapacity as the "inability to work, attend school or perform other regular daily activities due to the serious health condition, treatment therefore, or recovery therefrom." 29 C.F.R. § 825.113(b) (2013). In order to prevail at trial, Victoriana would have to prove that she was entitled to FMLA leave because of a serious health condition that consisted of *inpatient care*, which includes any period of incapacity or any subsequent treatment which requires inpatient care.

Victoriana is not entitled to FMLA leave because she did not suffer a serious health condition as defined in the statute. Victoriana must have suffered an illness that required inpatient care or continuing treatment by a healthcare provider in order to be entitled to FMLA leave. First, she did not suffer an illness that requires inpatient care. Inpatient care, as defined in the FMLA, requires overnight stay in a medical facility, or any period of incapacity, including subsequent treatment in connection with inpatient care. 29 C.F.R. § 825.114 (2013). Victoriana was never required to stay overnight at CNY, and her time in New York did not constitute a period of incapacity because her doctor specifically authorized her to return to work. Second, Victoriana did not require continuing treatment. The FMLA defines continuing treatment as incapacity for more than three consecutive calendar days and subsequent treatment. According to her own statements, Victoriana's leave consisted of three visits to CNY Fertility clinic on a Monday, Thursday and

Friday, each visit lasting a few hours. This does not qualify as incapacity for more than three consecutive calendar days because Victoriana was advised by her physician that she could return to work during that time. Even though it would be unreasonable to expect Victoriana to "commute" to New York for her outpatient treatment, she could have chosen a facility in this area so that she could have worked during the three day period. Therefore, Victoriana did not suffer a serious health condition that would entitle her to FMLA leave.

Victoriana's right to FMLA leave is an essential element of her FMLA claim against IMC. IMC has established, based on Victoriana's own statement, that the record contains insufficient proof of her right to FMLA leave. Therefore, IMC is entitled to summary judgment in its favor on Victoriana's FMLA claim. Although the Court finds that IMC is entitled to summary judgment on the issue of Victoria's claim under the FMLA, the Court does not address Victoriana's Louisiana Employment Discrimination Law claim. Victoriana's Louisiana Employment Discrimination Law claim remains before the Court.

Accordingly;

**IT IS ORDERED** that Defendant's **Motion for Summary Judgment (Rec. Doc. 19)** is **GRANTED**;

New Orleans, Louisiana, this 28th day of September 2016.

_____
THE HONORABLE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE